# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **KENNETH HILL (#M-39008),** | ) | |
| | ) | |
| Plaintiff, | ) | No. 12 C 9404 |
| | ) | |
| vs. | ) | Judge Ronald A. Guzmán |
| | ) | |
| **OFFICER PHILLIPS,** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff was attacked by another detainee at Cook County Jail and seeks to hold defendant, a correctional officer at the Jail, liable under 42 U.S.C. § 1983 for his injuries. Defendant has filed a Federal Rule of Civil Procedure ("Rule") 56 motion for summary judgment. For the reasons set forth below, the Court grants the motion.

## Local Rule 56.1

Local Rule 56.1(b) requires that a party opposing a motion for summary judgment file:

> (3) a concise response to the movant's statement that shall contain
>
> (A) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and
>
> (B) a statement, consisting of short numbered paragraphs, of any additional facts that require denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon.

L.R. 56.1(b). Defendant gave plaintiff a "Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment" [document no. 34], warning him that his failure to properly dispute any

fact asserted in defendant's LR 56.1 statement results in the fact being admitted. Nonetheless, plaintiff failed to file a response.

The Court is entitled to enforce Local Rule 56.1 strictly, even against *pro se* parties. *See Ammons v. Aramark Uniform Serv., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) (stating that even *pro se* plaintiffs must comply with procedural rules). Even so, because plaintiff is proceeding *pro se*, the Court will consider any factual assertions he makes in his summary judgment materials to which he can competently testify.

### Facts

In 2011, plaintiff was a pretrial detainee at Cook County Jail, and defendant was a Cook County Sheriff's Deputy assigned to plaintiff's cell house and tier. (Def.'s LR 56.1 Stmt. ¶¶ 2, 5.) On September 25, 2011, when plaintiff returned to his cell after a trip to the commissary, another detainee, Beasley, asked to borrow plaintiff's shampoo. (*Id.* ¶¶ 8-10.) Plaintiff refused, and Beasley then demanded that plaintiff give him all of his commissary purchases. (*Id.*) Plaintiff told Beasley to "get out of his face," which ended the encounter. (*Id.* ¶ 12.) This was the first time plaintiff had had a problem with Beasley, and he did not report the encounter to any prison official that day. (*Id.* ¶¶ 11, 14, 35.)

The next morning, defendant let plaintiff, Beasley and five other inmates out of their cells to use the bathrooms and showers. (*Id.* ¶¶ 14-15, 17.) Plaintiff, who was one of the last detainees to leave his cell, told defendant he wanted to be moved to a different tier because Beasley had "gotten in his face" the night before. (*Id.* ¶¶ 18, 20; Def.'s Ex. A, Pl.'s Dep. at 26.)

Plaintiff did not, however, go into specifics about the problem or request protective custody. (Def.'s LR 56.1 Stmt. ¶¶ 20, 36; Pl.'s Dep. at 26-27.) Defendant, who thought plaintiff and Beasley were "friendly" with one another, did not think that Beasley posed a threat to plaintiff. (Def.'s LR 56.1 Stmt. ¶ 37.) Defendant told plaintiff to "give him a second" because he was busy unlocking other inmates' cells. (Pl.'s Dep. at 28.)

After speaking with plaintiff and supervising the inmates' release from their cells, defendant left the deck and stationed himself in the "observation bubble." (Def.'s LR 56.1 Stmt. Facts ¶ 21.) Meanwhile, plaintiff went to the shower room, and while he was brushing his teeth, Beasley stabbed him in the back. (*Id.* ¶¶ 22-24, 26.) Plaintiff, who had not seen or heard anything that put him on guard, was not expecting the attack. (*Id.* ¶ 27.)

From the bubble, defendant saw plaintiff and Beasley fighting. (*Id.* ¶ 28.) He immediately radioed that there was a fight in progress, and within a minute, other officers arrived on the scene. (*Id.* ¶¶ 29-30.) They restored order and took plaintiff for medical treatment. (*Id.* ¶¶ 33-34.)

In October 2011, plaintiff filed two grievances in connection with the incident, asking for compensation and for Beasley to be prosecuted for the attack. (*Id.* ¶ 39; Pl.'s Dep. at 46, 49, 52; Def.'s Ex. A-3, Grievances.) Plaintiff did not allege in either grievance that defendant had failed to protect him from Beasley or otherwise mishandled the incident. (Pl.'s Dep. at 49-50.) Plaintiff was told that he had to file suit to obtain monetary relief, but the Sheriff's Department prosecuted Beasley for the assault. (*Id.* at 45-48; Ex. A-3.)

**Discussion**

"The court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Vision Church v. Vill. of Long Grove*, 468 F.3d 975, 988 (7th Cir. 2006). In determining whether factual issues exist, the Court must view all the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Weber v. Univ. Research Assoc., Inc.*, 621 F.3d 589, 592 (7th Cir. 2010). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000).

The Prison Litigation Reform Act of 1996 ("PLRA") contains a comprehensive administrative exhaustion requirement. *See* 42 U.S.C. § 1997(e)(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted."); *Jones v. Bock*, 549 U.S. 199, 204 (2007) (stating that a "[k]ey" requirement of the PLRA is that "inmates complaining about prison conditions exhaust prison grievance remedies before initiating a lawsuit"). "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim under Section 1983." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999). Defendant bears the burden of pleading and proving failure to exhaust. *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006).

To satisfy the PLRA's exhaustion requirement, a prisoner "must take all steps prescribed by the prison's grievance system," *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir.

2004), and comply with its rules with respect to the form, timeliness, and content of grievances, *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). Though plaintiff filed two grievances with respect to this incident, he did not raise in either grievance the claim he asserts here, that defendant failed to protect him from Beasley. Plaintiff's failure to do so dooms his claim. *See Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999).

Even if plaintiff had exhausted administrative remedies, his § 1983 claim would still fail on the merits. The Fourteenth Amendment requires jail officials to "take reasonable measures to . . . protect [detainees] from harm at the hands of others," *Boyce v. Moore*, 314 F.3d 884, 889 (7th Cir. 2002) (quotation omitted), but officials breach that duty only if they know of and disregard a substantial risk of serious harm to an inmate. *Guzman v. Sheahan*, 495 F.3d 852, 857 (7th Cir. 2007); *see Santiago v. Walls*, 599 F.3d 749, 758-59 (7th Cir. 2010). Thus, to defeat defendant's motion, plaintiff would need evidence that suggests: (1) he was incarcerated under conditions posing a substantial risk of serious harm to him, and (2) defendant acted with "deliberate indifference" to that risk. *Santiago*, 599 F.3d at 756.

A "substantial risk," in this context, includes "risks attributable to detainees with known propensities of violence toward a particular individual or class of individuals; to highly probable attacks; and to particular detainees who pose a heightened risk of assault to the plaintiff." *Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2005) (quotation omitted). A "random act of violence[, however,] . . . does not impose liability on prison officials." *Washington v. LaPorte Cnty. Sheriff's Dep't*, 306 F.3d 515, 519 (7th Cir. 2002).

Defendant acted with deliberate indifference if knew about and disregarded the risk that Beasley posed to plaintiff. *Brown*, 398 F.3d at 913-16; *see Morris v. Ley*, 331 Fed. Appx. 417,

419 (7th Cir. 2009) (a prisoner normally shows that a jail official acted with deliberate indifference to "a tangible threat to [the prisoner's] safety or well-being by showing that he complained to officials about a specific threat to his safety") (quotation omitted). Negligence or even gross negligence is insufficient to implicate the Constitution; for liability to attach under 42 U.S.C. § 1983, the officer must have acted with "the equivalent of criminal recklessness." *Guzman*, 495 F.3d at 857 (quotation omitted); *Butera v. Cottey*, 285 F.3d 601, 606 (7th Cir. 2002) (inmate's report that he was "having problems in the block" and "needed to be removed" did not give corrections officials notice of a specific threat).

There is no evidence to suggest that defendant acted with deliberate indifference. In the weeks leading up to the attack, plaintiff and Beasley co-existed peacefully and appeared to be "friendly" with each other. Though Beasley "got in [plaintiff's] face" the night before the attack, plaintiff did not tell defendant or any other jail official that he thought an attack was imminent. In fact, plaintiff was surprised by the attack when it happened. Moreover, once the fight broke out, defendant immediately called for assistance, order was restored and plaintiff was taken for medical treatment. In short, the record does not support the inference that defendant knew about and disregarded the substantial risk of harm that Beasley posed to plaintiff. Thus, plaintiff could not defeat this motion, even if he had exhausted administrative remedies for his claim.

## Conclusion

For the reasons set forth above, the Court grants defendant's motion for summary judgment [31] and terminates this case.

If plaintiff wishes to appeal this final judgment, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also be assessed a "strike" under 28 U.S.C. § 1915(g). Plaintiff is warned that, pursuant to that statute, if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. *Id.*

**SO ORDERED.**　　　　　　　　　　**ENTERED: February 18, 2014**

*[signature: Ronald A. Guzman]*

**HON. RONALD A. GUZMAN**
**United States District Judge**